1  CHRISTOPHER HAYDN-MYER LAW OFFICES
   CHRISTOPHER HAYDN-MYER, CA. BAR # 176333
2  1478 Stone Point Drive, Suite 400
   Roseville, California 95661
3  Telephone: (916) 622-1703
   Facsimile:  (916) 760-2767
4  Email: chrishaydn@sbcglobal.net

5  Attorney for Defendant
   THEO ADAMS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Cr. No. S-12-226 JAM |
| Plaintiff, | ) | |
| | ) | STIPULATION AND |
| | ) | ORDER CONTINUING STATUS |
| v. | ) | CONFERENCE; FINDING OF |
| | ) | EXCLUDABLE TIME |
| | ) | |
| THEO ADAMS and RACHEL SIDERS, | ) | Date: April 16, 2013 |
| | ) | Time: 9:45 a.m. |
| Defendants. | ) | Judge: Hon. John A. Mendez |
| | ) | |

**STIPULATION**

Plaintiff, United States of America, through Assistant U.S. Attorney Michele Beckwith; defendant Theo Adams, through counsel Christopher Haydn-Myer; and, defendant Rachel Siders, through counsel Eduardo G. Roy, hereby stipulate and agree as follows:

1. A status conference is currently set for April 16, 2013 at 9:45 a.m.

2. By this stipulation, the above-named defendants now move to continue the status conference to June 18, 2013 at 9:45 a.m., and to exclude time between April 16, 2013 to June 18, 2013 under Local Code T4. Plaintiff does not oppose this request.

3. The basis upon which the parties agree to this proposed continuance of the status conference is as follows:

| | | |
|---|---|---|
| 1 | a. | The government has provided defense counsel with the discovery associated with |
| 2 | | this case, which includes voluminous records, including mortgage and bank |
| 3 | | records involving multiple transactions.  All of this discovery has been either |
| 4 | | produced directly to counsel and/or made available for inspection and copying, |
| 5 | | and/or will be made available. |
| 6 | b. | Since October 30, 2012, counsel for defendants have been reviewing these |
| 7 | | materials, discussing them with their clients, and assessing potential trial and |
| 8 | | sentencing issues. |
| 9 | c. | Additionally, the government has provided proposed plea agreements to defense |
| 10 | | counsel, which defense counsel have been discussing with their clients and the |
| 11 | | government. |
| 12 | d. | Defense counsel need additional time, taking into account the exercise of due |
| 13 | | diligence, to review the materials described above and to discuss them with their |
| 14 | | clients, and otherwise effectively prepare for the disposition of this case.  Based |
| 15 | | on the Court's available calendars and the availability of defense counsel, the |
| 16 | | parties ask that the Court set this matter for a status conference on June 18,  2013, |
| 17 | | and that it find excludable time from April 16, 2013 through and including the |
| 18 | | June 18, 2013  status conference.  Because of the need for additional preparation |
| 19 | | outlined above, a denial of a continuance to June 18,  2013 would deny the parties |
| 20 | | the reasonable time necessary for effective preparation, taking into account the |
| 21 | | exercise of due diligence. |
| 22 | e. | Based on the above-stated findings, the ends of justice served by continuing the |
| 23 | | case and excluding time as requested outweigh the interest of the public and the |
| 24 | | defendant in a trial within the original date prescribed by the Speedy Trial Act. |
| 25 | f. | For the purpose of computing time under the Speedy Trial Act, 16 U.S.C. § 3161, |
| 26 | | et seq., within which trial must commence, the time period from April 16, 2013, |
| 27 | | to June 18, 2013 inclusive, is deemed excludable pursuant to 18 U.S.C. § |
| 28 | | 3161(h)(7)(a), B(iv) [Local Code T4] because it results from a continuance by the |

|     |     |
| --- | --- |
| 1   | Court at the defendants request on the basis of the Court's finding that the ends of |
| 2   | justice served by taking such action outweigh the best interest of the public and |
| 3   | the defendants in a speedy trial. |

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. Finally, Christopher Haydn-Myer has been authorized by all counsel to sign this stipulation on their behalf.

**IT IS SO STIPULATED.**

DATED: April 12, 2013         BENJAMIN B. WAGNER
                              United States Attorney

                               /s/ Michele Beckwith
                              MICHELE BECKWITH
                              Assistant United States Attorney
                              Attorney for Plaintiff United States

DATED: April 12, 2013         LAW OFFICES OF CHRISTOPHER HAYDN-MYER

                               /s/ Christopher Haydn-Myer
                              CHRISTOPHER HAYDN-MYER
                              Attorney for Defendant Theo Adams

DATED: April 12, 2013         LAW OFFICES OF EDUARDO G. ROY

                               /s/ Eduardo G. Roy
                              EDUARDO G. ROY
                              Attorney for Defendant Rachel Siders

**ORDER**

IT IS SO FOUND AND ORDERED this 12th of April, 2013.

                              /s/ John A. Mendez
                              JOHN A. MENDEZ
                              UNITED STATES DISTRICT COURT JUDGE